IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CARA VAN HAASTERT,<br><br>        Plaintiff,<br><br>   v.<br><br>ADVANCED PAIN MANAGEMENT<br>CENTER,<br><br>        Defendant. | No. CV-03-717-HU<br><br>ORDER |

David D. Park
ELLIOTT & PARK
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon 97239-4356

    Attorney for Plaintiff

Karen O'Kasey
HOFFMAN HART & WAGNER LLP
1000 S.W. Broadway, Suite 2000
Portland, Oregon 97205

    Attorney for Defendant

HUBEL, Magistrate Judge:

    This case was set for trial in January 2005, with a pretrial conference set in December 2004. As the parties were preparing for trial, then defense counsel Scott Palmer told plaintiff's counsel

1 - ORDER

that defendant planned on using certain expert witnesses which it had not previously disclosed to plaintiff. Plaintiff voiced her objection. Defendant then moved for "Relief from Order Setting Deadlines to Disclose Expert Witnesses and Other Relief." At a December 10, 2004 hearing on the motion, I struck the January 11, 2005 trial date and reset it for April 19, 2005. I also required additional briefing on the issues of whether the witnesses identified by defendant were truly experts and thus subject to the disclosure requirements.

At a January 14, 2005 continued hearing on the motion, defendant substituted Karen O'Kasey as new counsel for Scott Palmer. I granted defendant's motion and allowed defendant to call the expert witnesses at the April 2005 trial. I also granted plaintiff's motion for sanctions.

I ordered defendant to pay the expenses plaintiff incurred in responding to the Motion for Relief from Order Setting Deadlines to Disclose Expert Witnesses and Other Relief, including the time spent preparing any written response to the motion and attending any hearing on it. I also ordered defendant to pay plaintiff for any duplicative trial preparation caused by the resetting of the trial. I ordered plaintiff to submit a detailed time record for these expenses and support for counsel's requested hourly rate. In compliance with the order, plaintiff has submitted a request for $8,310 in fees and costs as sanctions. Defendant has responded to the request. For the reasons explained below, I grant plaintiff's request in part and award $6,270 in fees and costs.

Defendant ultimately prevailed at trial and has submitted a cost bill seeking $5,139.93 in costs. I award defendant its

2 - ORDER

requested costs.

I. Plaintiff's Fees and Costs

Plaintiff seeks $7,950 in fees and $360 in costs for a total of $8,310. Plaintiff's counsel's hourly rate is $200 and he indicates that he expended 26.35 hours on time spent responding to the motion and attending hearings on the motion for a total of $5,270 in fees, and that he seeks 13.4 hours, or $2,680 in time for work that would have to be redone as a result of the trial setover.

A. General Attorney Fee Standards

In determining a reasonable attorney's fee, the district court first calculates the lodestar by multiplying the number of hours it finds the prevailing party reasonably expended on the litigation by a reasonable hourly rate. McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir. 1995). A district court possesses "considerable discretion" in determining the reasonableness of a fee award. See Webb v. Ada County, 195 F.3d 524, 526 (9th Cir. 1999). Even absent specific objections by the opposing party, the court has an independent duty to scrutinize a fee request to determine its reasonableness. Gates v. Deukmejian, 987 F.2d 1392, 1401 (9th Cir. 1993); see also Poole v. Textron, Inc., 192 F.R.D. 494, 508 (D. Md. 2000) (because the award must be reasonable, it is incumbent on the district court to subject the request to an independent review to "insure that the time expended . . . was not excessive to the task and [to consider] the hourly rate charged in light of fees charged in the legal community for services of like kind and quality.").

B. Reasonable Hourly Rate

In determining the reasonable hourly rate, the court must look at the "prevailing market rates in the relevant community." Blum

3 - ORDER

v. Stenson, 465 U.S. 886, 895 (1984). The court determines what a lawyer of comparable skill, experience, and reputation could command in the relevant community. Id. at 895 n.11; see also Robins v. Scholastic Book Fairs, 928 F. Supp. 1027, 1333 (D. Or. 1996) ("In setting a reasonable billing rate, the court must consider the 'prevailing market rates in the relevant community' and determine what a lawyer of comparable skill, experience, and reputation could command in the relevant community."), aff'd, 116 F.3d 485 (9th Cir. 1997). The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation. Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

Plaintiff's counsel David Park is a member in good standing of the Oregon State Bar (OSB) and was admitted to practice before this Court in 1981. Park Affid. at ¶ 2. He has been practicing law since September 1980. Id. He has an undergraduate degree from the University of California at Berkeley and a law degree from the Northwestern School of Law of Lewis and Clark College which he obtained in 1980. Id.

He is in private practice in Portland and for the last fifteen years, has been a partner in Elliott & Park, a two lawyer litigation practice. Id. at ¶ 3. He has a general plaintiffs-oriented trial practice which emphasizes litigation in the areas of personal injury, employment law, police misconduct, construction defect, and business torts. Id. at ¶ 4.

His current hourly billing rate for ordinary non-contingent

4 - ORDER

civil litigation is $200. Id. at ¶ 5. He is familiar with the billing rates of attorneys in the Portland metropolitan area of similar experience in employment and civil rights litigation. Id. He is also familiar with the OSB's 2002 Economic Survey of the median billing rates for lawyers in the Portland metropolitan area having practiced for more than twenty-one years. Id. He contends that in light of what is charged by similar practitioners with similar experience and what is reflected in the OSB's 2002 Economic Survey, his $200 hourly rate is reasonable. Id.

Plaintiff correctly notes that the OSB 2002 Economic Survey reports that for attorneys admitted to practice for twenty-one to thirty years, the median hourly rate for those with a private practice in Portland is $225. OSB 2002 Econ. Survey at p. 31. The average is $227 per hour with the range from $180 in the twenty-fifth percentile to $320 in the ninety-fifth percentile. Id.

If one looks at areas of practice, the median hourly rate for a plaintiff's civil litigation attorney in Portland, excluding personal injury, is $200, the average is $186, with the twenty-fifth percentile at $160 and the ninety-fifth percentile at $263. Id. at p. 32. The rates are somewhat lower for a personal injury practice.

Defendant objects to the $200 requested hourly rate. Defendant argues that the rate should be $186 based on that part of the Economic Survey noted above, showing that the average (not the median), hourly rate for a Portland plaintiff's civil litigation attorney, excluding personal injury, is $186 and that $200 is above the average for this litigation.

I disagree. An attorney with twenty-five years of experience

5 - ORDER

requesting a rate based on the "experience" table rather than the "type of practice" table, and requesting a rate $25 below the median and $27 below the average for Portland attorneys with his years of experience, is not unreasonable. Moreover, even if I looked at the "type of practice" table, defendant gives no meaningful reason for relying on the average hourly rate of $186 instead of the median hourly rate of $200. Finally, the figures in the survey are based on data collected in 2001 or 2002 and printed in 2002. Park's time accrued in late 2004 and early 2005 and should be compared with what those average and median rates might be now. Assuming the data was collected in 2002 and assuming a 3% inflation rate for 2003 and 2004, even the $186 rate suggested by defendant computes to $197.32 per hour for relevant time period.

$200 per hour is a reasonable rate for Park.

C. Hours Reasonably Expended

Plaintiff's counsel has organized his time into two categories. Exhibit A to plaintiff's counsel's affidavit details the time spent responding to and opposing defendant's motion and Exhibit B details the time plaintiff's counsel contends that he expended and must repeat due to the setover of the trial.

    1. Exhibit A - Response to Defendant's Motion

Park seeks a total of 26.35 hours for time spent responding to and opposing defendant's motion and attending two hearings related to the motion. Defendant raises certain objections.

        a. December 7, 2004 and December 8, 2004

Plaintiff requests a total of 12.35 hours for time spent on December 7, 2004, and December 8, 2004, largely for time reviewing defendant's motion, preparing an affidavit in opposition to the

6 - ORDER

motion, and researching and drafting a memorandum in opposition to the motion. I agree with defendant that the 12.35 hours should be reduced to 8.5. As defendant notes, in an affidavit filed after the first hearing on defendant's motion on December 10, 2004, Park stated that he had spent ten hours of time thus far in response to defendant's motion, including the one and one-half hours spent in the December 10, 2004 hearing. Jan. 5, 2005 Park Affid. at ¶ 6 ("I expended 10 hours of time responding to defendant's Motion for Relief from Order, inclusive of the telephone hearing time on December 10, 2004."). Thus, his representation at that time was that he had spent 8.5 hours on a response to the motion excluding the time attending the December 10, 2004 hearing. His representation there estops him from claiming an additional amount now. Thus, the time spent on December 7, 2004 and December 8, 2004 is reduced from 12.35 hours to 8.5 hours.

I reject defendant's argument that the time spent on these dates should be further reduced to six hours because, in defendant's opinion, the motion was not complex. I note that in addition to plaintiff's memorandum initially filed opposing the motion, Park submitted a six page affidavit. Defendant's motion raised an ethical issue as well as a need for plaintiff to recite historical facts of the litigation. Moreover, the motion required research on the issue of relief from court orders and on the civil rules. I reject defendant's argument that time more than six hours is unreasonable.

                    b. January 3, 2005

Plaintiff seeks two hours spent on January 2, 2005, reviewing his notes from the December 10, 2004 hearing and reviewing expert

7 - ORDER

witness reports. Defendant argues that no time should be awarded for this entry because while there is no doubt that plaintiff reviewed the expert witness reports provided by defendant, such review instructed plaintiff in defendant's case or witnesses. Defendant contends that the information is of use to plaintiff at the time of trial and was not suffered due to defendant's need to extend the expert discovery deadline.

I reject this argument. First, I do not read defendant's objection as being directed at the time Park spent reviewing notes from the December 10, 2004 motion hearing and I find that such time is properly awardable. Second, I asked the parties at the December 10, 2004 hearing to address in their supplemental briefing whether defendant's experts were truly expert witnesses or were lay witnesses. Park had to spend time reviewing defendant's expert reports in order to respond to this issue. It is irrelevant that the review "instructed plaintiff in defendant's case."

### c. January 4, 2005 and January 5, 2005

On January 4, 2005, and January 5, 2005, Park incurred a total of 5.75 hours for (1) legal research on the issues of distinguishing expert from non-expert testimony and sanctions available for non-disclosure of expert witnesses; (2) drafting and finalizing plaintiff's objections to defendant's expert witness disclosures; and (3) preparing an affidavit in support of plaintiff's objections.

Defendant first objects to the requested time because the January 4, 2005 entry improperly contains a block entry that seeks 4.0 hours for three separate tasks of legal research on expert versus non-expert witnesses, legal research regarding sanctions for

8 - ORDER

non-disclosure of an expert, and beginning the draft of objections to defendant's witness disclosures. I reject defendant's argument.

While the block billing is disfavored, the reason the Court frowns upon it is because it makes the Court's review for reasonableness impossible by not delineating the time spent for each task. But, here, a total of 4.0 hours is claimed for research and drafting a memorandum. The cumulative time is not unreasonable, even if I cannot apportion the individual tasks, the individual tasks are all awardable in any event, and this is the only time billed for these tasks so the fact that they are blocked billed is not the usual impediment to reviewing the total time spent.

Defendant also argues that time spent on the distinction between experts and fact witnesses and time spent on objections to the witness disclosures that were made, is not time related to defendant's motion. Defendant argues that none of this time is appropriate.

Again, I disagree with defendant. As noted above, one of the issues raised by defendant's motion was whether all of the "experts" it was belatedly disclosing, were actually experts. Defendant states that its motion was directed to "true experts" and some factual witnesses that it feared could be considered experts, and that the factual witnesses were included out of an abundance of caution. But, defendant did include those factual witnesses in its motion for relief, prompting me to request the parties to address in the second round of briefing and at the second argument in January, the issue of whether all the witnesses at issue in the motion were experts or not. Thus, plaintiff's legal research into

9 - ORDER

what distinguishes an expert and non-expert was directly in response to the issues raised by defendant's motion. As for the objections to witnesses, these were also asserted as a basis for opposing the motion and were related to the motion. All of the time spent on January 4, 2005, and January 5, 2005 is properly allowed.

   2. Exhibit B - Fees Related to Trial Postponement

As noted above, plaintiff seeks a total of 13.4 hours for time regarding legal services attributable to the setover of the trial. Defendant again makes specific objections.

      a. November 21, 2004 and December 4, 2004

On November 21, 2004, Park spent 3 hours reviewing the transcript of the summary judgment oral argument and identifying issues for motions in limine and other possible trial evidence and argument issues. On December 4, 2004, he spent 3 hours reviewing defendant's and plaintiff's document production.

Defendant argues that Park should not be reimbursed for this time because "[b]oth efforts advanced plaintiff's case." Defendant states that the identification of motions in limine or like issues is an identification that serves plaintiff's purposes at trial. Defendant also argues that similarly, plaintiff's review of document production brings matters up to date and is seldom wasted time. Defendant suggests that such review is a periodic thing in the preparation of any case. Defendant objects to both of these entries.

I disagree with defendant that the fact that the time spent advanced plaintiff's case is a valid basis for objection. The issue is whether Park had to re-expend the time in light of the

three-month trial setover. With that issue in mind, I agree with defendant that the 3 hours spent on November 21, 2004, reviewing the summary judgment argument and identifying motions in limine and other trial issues should not be awardable here. While the belated expert reports may have generated additional motions in limine or trial evidence issues, the delay should not have caused Park to re-spend the time initially expended on these tasks because the belated expert reports only added evidence for him to review and did not fundamentally change any of the issues generated by the evidence submitted to date.

However, I disagree with defendant regarding the time spent reviewing document production. A three month delay is not insubstantial and an attorney's need to have a refreshed memory about the documentary evidence is important. I do not think it unreasonable that Park would have to re-review the document production closer to the actual trial date.

b. December 3, 2004, and December 7, 2004

On December 3, 2004, Park spent .4 hours talking to his expert Dr. Robert Male regarding an updated narrative report and faxing a letter to Dr. Male along with updated information concerning plaintiff's earnings and employment. On December 7, 2004, Park spent .25 hours talking to Dr. Male regarding his revised calculation of plaintiff's wage loss based on the information Park supplied a few days earlier, and scheduling a date and time for Dr. Male's trial testimony.

Defendant objects to both of these entries because, defendant argues, time spent obtaining an updated narrative and providing the expert with updated information is work that was inevitably

11 - ORDER

required regardless of when trial would occur. Defendant contends that the time in providing recent information is not wasted time, unless plaintiff's employment situation were to change before trial.

I disagree with defendant. The point is that Park expended this time when the trial was still set in January 2005. If the trial had occurred as scheduled, he would not have had to resupply Dr. Male with plaintiff's most current wage and employment information for another updated report. But, because of the three-month setover, and because it is reasonable for plaintiff to present the most current information to the trier of fact regarding her damages, Park would have been forced to repeat this time closer to the trial date to obtain the most up-to-date report possible from Dr. Male.

      c. December 9, 2004 and December 10, 2004

On December 9, 2004, and December 10, 2004, Park spent a total of 3.35 hours reviewing certain parts of the draft pretrial order, discussing it with Palmer, making revisions to the draft, and emailing a revised draft to Palmer.

I agree with defendant that this time should not be awardable. I do not find the time spent to have been "wasted" given that the belated expert disclosures did not change any of the basic facts of the case or raise any new legal issues. As defendant notes, it is common for attorneys to prepare a series of draft pretrial orders, exchange proposals, and make revisions. This is not time that would need to be entirely repeated.

 D. Costs

Plaintiff seeks $360 for charges related to Dr. Male's report.

Park states that plaintiff incurred the charge to prepare an updated report based upon current employment data for plaintiff in preparation for trial. Exhibit C to plaintiff's affidavit shows a December 7, 2004 invoice from Male to Park with the $360 charge. Plaintiff argues that the charge would need to be re-incurred in March 2005 in order to have an updated report consistent with any further developments in plaintiff's employment status and compensation between when the first report was done and the new April 19, 2005 trial date.

Defendant objects to half of this cost. Defendant argues that while there could be need to regenerate the same report in a few months, the need to include all of the recently added information will not require preparation from scratch.

For the reasons discussed in the previous section, I reject defendant's argument. The point is that plaintiff would not have commissioned the updated report in December 2004 if the trial had not been set for January 2005. While I understand defendant's point that previously supplied information does not need to be resupplied, it is not unreasonable to conclude Dr. Male would still need to calculate the new information and generate an updated report in preparation for the April 2005 trial date. This cost is properly awarded to plaintiff.

E.  Conclusion Regarding Plaintiff's Motion

Other than the specific objections noted by defendant, I find all other time requested by plaintiff to be reasonable. Park is properly awarded time at the rate of $200 per hour. Based on the discussion above, I deduct the following amounts of time: (1) 3.85 hours for the time claimed on December 7, 2004, and December 8,

2004 above 8.5 hours; (2) 3 hours for time claimed on November 21, 2004 for reviewing the summary judgment oral argument transcript and identifying motions in limine and other trial issues; and (3) 3.35 hours for the time spent on December 9, 2004, and December 10, 2004, on the pretrial order. Thus, the total number of hours claimed (26.35 and 13.4 for a total of 39.75) is reduced by 10.2 hours for a total of 29.55. At $200 per hour, the total fee award is $5,910. With the $360 cost, the total amount awarded to plaintiff in fees and costs is $6,270.

II. Defendant's Cost Bill

Defendant seeks $5,139.93 in costs, comprising $20 in a prevailing party fee under 28 U.S.C. § 1923(a), and the remainder in deposition-related costs under 28 U.S.C. § 1920(2). Defendant's cost bill is supported by exhibits showing the actual costs, a memorandum in support, and an affidavit of defense counsel.

Plaintiff does not oppose any of defendant's requested costs as excessive or as unauthorized by statute. I find them to be authorized and reasonable. Plaintiff requests, however, that the Court exercise its discretion to reduce the amount of costs taxed against her because of her personal financial circumstances. I decline to exercise my discretion in this fashion.

While plaintiff's financial situation is certainly distressing, and plaintiff cites cases supporting the proposition that the court may consider indigency in considering whether to award costs, I find that in this case, justice is best served by not reducing the costs sought by defendant. I appreciate that to someone with little or no financial resources, the sum sought by

defendant may appear onerous. But, based on my experience as a trial lawyer and a judge, I can say with confidence that the amount sought is quite reasonable and rather small in scale. Furthermore, although civil rights litigants should not be deterred from pursuing legal action in the face of wrongdoing, to reduce or eliminate plaintiff's obligation to pay defendant's costs would result in an unfair burden to defendant which already has likely expended substantial resources on attorney's fees to defend this case. Thus, I award defendant $5,139.93 in costs.

## CONCLUSION

Plaintiff's motion for attorney's fees (#71) is granted in part and denied in part. Plaintiff is awarded $6,270 in fees and costs. Defendant's cost bill (#121) is granted in the amount of $5,139.93.

IT IS SO ORDERED.

Dated this 29th day of June, 2005.

/s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge

15 - ORDER